FILED

COPY

1   JOHNSON & PHAM, LLP
2   Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
3   Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
4   Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
5
6   Negin Saberi, SBN: 243019
        E-mail: nsaberi@johnsonpham.com
7   6355 Topanga Canyon Boulevard, Suite 326
8   Woodland Hills, California 91367
    Telephone: (818) 888-7540
9   Facsimile:  (818) 888-7544
10
11  Attorneys for Plaintiffs
    LUXOTTICA RETAIL NORTH AMERICA, INC.
12  and LUXOTTICA GROUP, S.P.A.
13

2012 AUG -3  AM 10: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

14              UNITED STATES DISTRICT COURT

15             CENTRAL DISTRICT OF CALIFORNIA

16

17  LUXOTTICA RETAIL NORTH          Case No.:  **CV 12-6689**  -DSF
18  AMERICA, INC., an Ohio Corporation,                        (AGR)
    and LUXOTTICA GROUP, S.P.A., an
19  Italian Joint Stock Company,     **COMPLAINT FOR DAMAGES
                                     AND DECLARATORY RELIEF:**
20
21              Plaintiffs,          **(1) FEDERAL TRADEMARK
                                         INFRINGEMENT [15 *U.S.C.* §
22          v.                           1114/*Lanham Act* §43(a)];
                                     (2) FALSE DESIGNATION OF
23  MICHAEL HO, an Individual, and       ORIGIN/UNFAIR
24  DOES 1-10, Inclusive,                COMPETITION/FALSE OR
                                         MISLEADING ADVERTISING
25              Defendants.               [15 *U.S.C.* §1125(a)];
                                     (3) TRADEMARK DILUTION [15
26                                       *U.S.C.* §1125(c)];
27                                   (4) UNFAIR BUSINESS
28                                       PRACTICES [*CALIFORNIA**

- 1 -
COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

***BUSINESS & PROFESSIONS
CODE* §17200];
(5) UNJUST ENRICHMENT;
(6) DECLARATORY RELIEF**

**[DEMAND FOR JURY TRIAL]**

COMES NOW, Plaintiff LUXOTTICA RETAIL NORTH AMERICA, INC., an Ohio Corporation, and Plaintiff LUXOTTICA GROUP, S.P.A., an Italian Joint Stock Company (collectively, hereinafter "Plaintiffs"), hereby allege as follows:

## PARTIES

1.     Plaintiff LUXOTTICA RETAIL NORTH AMERICA, INC. (hereinafter "LUXOTTICA RETAIL"), is now, and was at the time of the filing of this Complaint and at all intervening times, an Ohio Corporation, duly authorized and licensed to conduct business in the State of California.

2.     Plaintiff LUXOTTICA GROUP, S.P.A. (hereinafter "LUXOTTICA GROUP"), is now, and was at the time of the filing of this Complaint and at all intervening times, an Italian Joint Stock Company.

3.     On information and belief, Plaintiffs allege that MICHAEL HO (hereinafter "Defendant") is now, and was at the time of the filing of this Complaint, an individual residing at 1753 Cape Coral Drive, San Jose, California.

4.     Defendant conducts business in the jurisdiction of the United States District Court for the Central District of California by offering counterfeits goods for sale in Los Angeles, California, that infringe on the registered trademarks of Plaintiffs.

5.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiffs. Plaintiffs therefore sue said Defendants by such fictitious

- 2 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1  names.   When the true names and capacities of said Defendants have been
2  ascertained, Plaintiffs will amend this pleading accordingly.

3        6.      Plaintiffs are informed and believe and thereon allege that at all times
4  mentioned herein Defendant, and DOES 1-10, inclusive, and each of them, were
5  the agents, servants and employees of every other Defendant and the acts of each
6  defendant, as alleged herein, were performed within the course and scope of that
7  agency, service or employment.

8        7.      Plaintiffs further allege that Defendant, and DOES 1-10, inclusive,
9  sued herein by fictitious names, are jointly, severally and concurrently liable and
10 responsible with the named Defendant upon the causes of action hereinafter set
11 forth (collectively, hereinafter "Defendants").

12                                **JURISDICTION/VENUE**

13       8.      This Court has subject matter jurisdiction over this matter pursuant to
14 28 *U.S.C.* §§1331 and 1338(a) and (b), in that the case arises out of claims for
15 trademark infringement, false designation of origin, unfair competition and dilution
16 under the *Lanham Act* (15 *U.S.C.* §1051, *et seq.*), and this Court has supplemental
17 jurisdiction pursuant to 28 *U.S.C.* §§1367(a) and 1338 (a)(b).

18       9.      LUXOTTICA RETAIL is an active corporation licensed with the
19 California Secretary of State (CA Entity Number: C1815165), with a registered
20 agent for service of process located in Irvine, California.

21       10.     LUXOTTICA GROUP's products are designed and manufactured in
22 Foothill Ranch, California and overseas.

23       11.     Plaintiffs have several warehouses and distribution centers in
24 California.

25       12.     This Court has personal jurisdiction over Defendants since Defendants
26 have committed tortious and illegal acts of trademark infringement and unfair
27 competition in this district and/or Defendants have sufficient minimum contacts
28 with this district such that the exercise of jurisdiction over Defendants by this

Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered for sale, and sold products to consumers within this judicial district that infringe on the trademarks of Plaintiffs. Defendants have also offered to sell and actually sold counterfeit products (described more fully below) using an interactive Internet website knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendants with the belief that they were purchasing authentic goods manufactured and distributed by Plaintiffs or its authorized manufacturers.

13.     Additionally, supplemental jurisdiction exists over Defendants because, on information and belief, Defendants conduct business in California and in this judicial district, and have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

14.     Venue is proper in this district, *inter alia*, pursuant to 28 *U.S.C.* §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damages to Plaintiffs in this district. The counterfeit RAY-BAN® product at issue was purchased from California, paid for with funds from a financial institution in California, and Defendants purposefully shipped this counterfeit product into California, and, specifically, within the Central District. Defendants' actions within this district directly interfere with and damage Plaintiffs' commercial efforts and endeavors and harms Plaintiffs' goodwill within this Venue. Moreover, Plaintiffs have a large sales force and operate a substantial part of their business in California.

/ / /

/ / /

1

**GENERAL ALLEGATIONS**

2   15.   LUXOTTICA GROUP is the world's largest eyewear company with

3   approximately 7,100 retail stores in North America, Asia-Pacific, China, South

4   Africa, Latin America and Europe.  LUXOTTICA GROUP is a leader in premium,

5   luxury and sports eyewear with a strong, well-balanced brand portfolio known

6   around the world, including, amongst others, its famous RAY-BAN®-branded

7   eyewear and eyewear products.  LUXOTTICA GROUP's RAY-BAN®-branded

8   eyewear and eyewear products have achieved world-wide recognition and success

9   since their introduction in 1938.

10   16.   LUXOTTICA GROUP is listed on the New York Stock Exchange

11   ("NYSE") and on the Italian Telematic Stock Exchange ("MTA") and complies

12   with the obligations issued by U.S. and Italian regulations for listed companies, in

13   particular, with the provisions issued both by the U.S. Securities and Exchange

14   Committee ("SEC") and the Italian Securities and Exchange Commission

15   ("CONSOB").

16   17.   LUXOTTICA GROUP's brand portfolio is one of the richest and

17   most prestigious in the eyewear industry. Its two leading house brands are RAY-

18   BAN®, the world's best-selling brand of sun and prescription eyewear, and

19   Oakley, an undisputed leader in the performance eyewear category with its

20   principal place of business located in Foothill Ranch, California.  These brands,

21   and others, give LUXOTTICA GROUP's portfolio unparalleled strength.  Several

22   of LUXOTTICA GROUP's other brands include Persol®, Vogue®, K&L®,

23   Oliver Peoples®, Arnette® and Revo®.  LUXOTTICA GROUP's Arnette and

24   Revo sport brands are being re-launched and developed in Foothill Ranch,

25   California.   Its licensee brands include, among others, Bvlgari®, Burberry®,

26   Chanel®, Dolce & Gabbana®, Donna Karan® eyewear, Polo Ralph Lauren®, Paul

27   Smith®, Prada®, Stella McCartney®, Tiffany & Co. ®, Tory Burch®, Versace®,

28   andCoach®. LUXOTTICA RETAIL, as a subsidiary of LUXOTTICA GROUP,

1    offers for sale, sells and distributes these various brands, including RAY-BAN®
2    and LUXOTTICA® throughout the United States of America.

3        18.    In the retail sun business, LUXOTTICA GROUP operates primarily
4    through the Sunglass Hut® brand.

5        19.    Direct wholesale operations are complemented by an extensive retail
6    network for prescription and sun glasses segments.  LUXOTTICA RETAIL is a
7    leader in the prescription business in North America with its LensCrafters® and
8    Pearle Vision® retail brands. LensCrafters is the largest optical chain in the United
9    States, with about 90 stores in California alone.   In addition, LUXOTTICA
10   RETAIL has many retail distribution accounts in California selling its products.

11       20.    LUXOTTICA RETAIL is one of the largest managed vision care
12   operators through EyeMed Vision Care, and the second biggest lens finisher,
13   having a network of five central laboratories and over 900 on-site labs at
14   LensCrafters stores.  LUXOTTICA RETAIL owns and operates a vision health
15   care service called Eyexam of California, Inc., a California corporation, which
16   consists of optometric offices in California employing its California optometrists.
17   Plaintiffs also own Oliver Peoples, Inc., a California corporation, and their only
18   United States based production plant is located in Foothill Ranch, California.
19   Plaintiffs Foothill Ranch, California production plant also serves as one of their
20   distribution centers.  Plaintiffs also have several warehouses located in the State of
21   California.

22       21.    Plaintiffs have spent substantial time, money and effort in developing
23   consumer recognition and awareness of its RAY-BAN® and LUXOTTICA®
24   marks.  Plaintiffs have spent an enormous amount of money on print and internet
25   advertising in order to inform consumers of the quality of Plaintiffs' products.
26   Through the extensive use of the Plaintiffs' marks, Plaintiffs have built up and
27   developed significant goodwill in the industry.  A wide array of newspapers,
28   magazines and television networks has include advertising of Plaintiffs' products,

1  which are immediately identified by Plaintiffs marks.

2      22.    Plaintiffs' also use the goodwill associated with its marks in an effort

3  to bring awareness about people in need of vision care. For example, Plaintiffs own

4  and operate, OneSight, a family of charitable vision care programs dedicated to

5  improving vision through outreach, research and education. Since 1988, these

6  programs have helped more than 7 million people restore and preserve clear vision.

7      23.    Plaintiffs' are the exclusive owners of federally-registered and

8  Common law trademarks. The following is a partial (non-exhaustive) list of

9  federally-registered trademarks owned by Plaintiffs':

10         A.    LUXOTTICA: Registration date October 18, 1983 (Reg. No.

11  1,254,409), held by Plaintiff LUXOTTICA GROUP;

12         B.    LUXOTTICA: Registration date November 8, 1988 (Reg. No.

13  1,511,615), held by Plaintiff LUXOTTICA GROUP;

14         C.    LUXOTTICA:    Registration date May 8, 2012 (Reg. No.

15  4,137,447), held by Plaintiff LUXOTTICA GROUP;

16         D.    RAY-BAN:    Registration date August 20, 1957 (Reg. No.

17  650,499), held by Plaintiff LUXOTTICA GROUP;

18         E.    RAY-BAN:    Registration date January 3, 1978 (Reg. No.

19  1,080,886), held by Plaintiff LUXOTTICA GROUP;

20         F.    RAY-BAN:    Registration date June 20, 1978 (Reg. No.

21  1,093,658), held by Plaintiff LUXOTTICA GROUP;

22         G.    RAY-BAN:    Registration date February 19, 1985 (Reg. No.

23  1,320,460), held by Plaintiff LUXOTTICA GROUP;

24         H.    RAY-BAN:    Registration date October 27, 1992 (Reg. No.

25  1,726,955), held by Plaintiff LUXOTTICA GROUP; and

26         I.    RAY-BAN:    Registration date October 21, 2008 (Reg. No.

27  3,522,603), held by Plaintiff LUXOTTICA GROUP.  True and correct copies of

28  the certificates of registration for Plaintiffs' federally-registered marks referenced

1   herein (hereinafter "Plaintiffs' Marks") are attached hereto as **Exhibits A - I**.

2        24.    Particularly in light of the success of Plaintiffs' Marks, as well as the

3   outstanding reputation they have gained, Plaintiffs and their products have become

4   targets for unscrupulous individuals and entities who wish to take a "free ride" on

5   the goodwill, reputation and fame Plaintiffs have spent considerable effort and

6   resources to build up in their products and marks.

7        25.    Defendants use, amongst other things, the Internet auction website

8   known as www.eBay.com ("eBay"), under seller ID "trendyeyewear," to regularly

9   and systematically advertise, market, offer for sale, sell, and distribute counterfeit

10  products bearing Plaintiffs' Marks to consumers.  At any given time, there are

11  millions of items listed on the Internet auction website eBay for bid or purchase by

12  its more than one million registered users.  Buyers have the option to purchase

13  items in an auction-style format where users bid on products or items can be

14  purchased at a fixed price through a feature referred to as "Buy It Now."  Using

15  another eBay feature referred to as "Feedback," users who have made a purchase

16  on eBay are given the opportunity to post positive, neutral or negative reviews in

17  relation to their buying experience.  While feedback can give some indication of

18  sales volume, empirical evidence shows that actual sales far exceed the number of

19  feedback entries a seller receives.

20       26.    Beginning on a date that is currently unknown to Plaintiffs and

21  continuing to the present, Defendants have, without the consent of Plaintiffs,

22  offered to sell and sold within the United States (including within this judicial

23  district) goods that were neither made by Plaintiffs nor by a manufacturer

24  authorized by Plaintiffs (such goods are hereinafter referred to as "Counterfeit

25  Goods") using reproductions, counterfeits, copies and/or colorable imitations of

26  one or more of Plaintiffs' Marks. On information and belief, Plaintiffs further

27  allege that Defendants imported said Counterfeit Goods into the United States, or

28  encouraged others to import said Counterfeit Goods into the United States, for the

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1    purpose of reselling the Counterfeit Goods in the United States.

2         27.   Through such business activities, Defendants purposely derived

3    benefit from their interstate commerce activities by expressly targeting foreseeable

4    purchasers in the State of California. But for Defendants advertising, soliciting and

5    selling, and distribution of counterfeit RAY-BAN® products in California,

6    Plaintiffs would not have been able to make a purchase of the subject product.

7         28.   On February 7, 2012, in its ongoing investigation of counterfeit sales

8    of RAY-BAN® products, from the State of California, Plaintiffs' purchased a

9    purported "BRAND NEW RAYBAN 3025 aviator Large (Item # 330679034805)"

10   from Defendants on eBay, for a cost of $81.00 USD, which was paid via the

11   PayPal electronic payment account of Plaintiffs' investigator. A true and correct

12   copy of the PayPal purchase receipt for the item purchased is attached hereto as

13   **Exhibit J**.

14        29.   The product purchased from Defendants was inspected by Plaintiffs in

15   Los Angeles, California to determine authenticity. Plaintiffs' inspection of the

16   purchased item confirmed that the item Defendants sold to Plaintiffs' investigator

17   was, in fact, a counterfeit RAY-BAN® product.

18        30.   Defendants intentionally and knowingly accepted Plaintiffs' money

19   from a financial institution located in the State of California.

20        31.   Defendants also intentionally and knowingly delivered the Counterfeit

21   Goods bearing Plaintiffs' Marks into the State of California.

22        32.   On information and belief, Defendants have sold no less than 91

23   Counterfeit Goods to consumers bearing Plaintiffs' Marks.

24        33.   Defendants willfully use images and names identical to Plaintiffs'

25   Marks to confuse consumers and aid in the promotion and sales of its unauthorized

26   and counterfeit product. Defendants willful use of Plaintiffs' Marks include

27   importing, advertising, displaying, distributing, selling and/or offering to sell

28   unauthorized copies of Plaintiffs' RAY-BAN® sunglasses. Defendants' use of

1    Plaintiffs' Marks began long after Plaintiffs' adoption and use of its trademarks,

2    and after Plaintiffs' obtained the trademark registrations alleged above.  Neither

3    Plaintiffs nor any authorized agents have consented to Defendants use of Plaintiffs'

4    Marks.

5         34.    Defendants use began long after Plaintiffs' adoption and use of its

6    trademarks, and after Plaintiffs' obtained the trademark registrations alleged above.

7         35.    Defendants actions have confused and deceived, or threatened to

8    confuse and deceive, the consuming public concerning the source and sponsorship

9    of the counterfeit RAY-BAN® sunglasses sold and distributed by Defendants.  By

10   their wrongful conduct, Defendants have traded upon and diminished Plaintiffs'

11   goodwill.    Furthermore,  the  sale  and  distribution  of  counterfeit  goods  by

12   Defendants have infringed upon Plaintiffs' Marks.

13        36.    Defendants offering for sale, selling, distributing, importing and

14   encouraging others to import Counterfeit Goods in this manner was and is likely to

15   cause confusion or mistake and/or to deceive consumers who purchase the

16   Counterfeit Goods.

17        37.    Defendants also offered for sale, sold, distributed, imported, and/or

18   encouraged others to import for the purpose of resale within the United States,

19   Counterfeit Goods consisting of reproductions and/or copies of products bearing

20   Plaintiffs'  Marks.    Defendants'  use  of  Plaintiffs'  Marks  was  done  without

21   Plaintiffs' authorization or consent.

22        38.    Plaintiffs have never authorized or consented to Defendants' use of

23   Plaintiffs' Marks or other trademarks, or any confusingly similar marks, colorable

24   imitations, or copied or derivative works by Defendants, including but not limited

25   to the RAY-BAN® marks.

26   ///

27   ///

28   ///

# FIRST CAUSE OF ACTION

## (Trademark Infringement Against Defendant MICHAEL HO, and DOES 1-10, Inclusive)

### [15 *U.S.C.* §1114/*Lanham Act* §43(a)]

39.   Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

40.   Defendants' actions as described herein constitute direct and/or contributory trademark infringement in violation of 15 *U.S.C.* §1114(1)(a).

41.   As a proximate result of Defendants' trademark infringement, Plaintiffs have been damaged in an amount to be proven at trial.  Further, Plaintiffs allege, on information and belief, that as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

42.   At all relevant times, Defendants acted intentionally and/or willfully in using Plaintiffs' Marks on the Counterfeit Goods, knowing that Plaintiffs' Marks belonged to Plaintiffs, that the Counterfeit Goods were, in fact, counterfeit, and that Defendants were not authorized to use Plaintiffs' Marks on the Counterfeit Goods.  Plaintiffs are therefore entitled to recovery of treble damages pursuant to 15 *U.S.C.* §1117(a). Further, Defendants knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiffs to an award of reasonable attorney fees pursuant to 15 *U.S.C.* §1117(a).

43.   Defendants' actions also constitute the use by Defendants of one or more "counterfeit mark" as defined in 15 *U.S.C.* §1116(d)(1)(B).  Plaintiffs therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 *U.S.C.* §1117(c)(1) and/or (2).

/ / /

44.     The acts of direct and/or contributory trademark infringement committed by Defendants have caused, and will continue to cause, Plaintiffs irreparable harm unless they are enjoined by this Court.

## SECOND CAUSE OF ACTION

### (False Designation of Origin, False or Misleading Advertising Against Defendant MICHAEL HO, and DOES 1-10, Inclusive)

### [15 *U.S.C.* §1125(a)]

45.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

46.     Defendants' actions as described herein constitute direct and/or contributory violation of 15 *U.S.C.* §1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs and/or as to the origin, sponsorship, and/or approval of such Counterfeit Goods by Plaintiffs.

47.     As a proximate result of Defendants' violation as described herein, Plaintiffs have been damaged in an amount to be proven at trial.  Further, Plaintiffs allege on information and belief that, as a proximate result of Defendants' direct and/or contributory trademark infringement, Defendants have unlawfully profited, in an amount to be proven at trial.

48.     Defendants' acts of violating, directly and/or contributorily, 15 *U.S.C.* §1125, have caused, and will continue to cause, Plaintiffs irreparable harm unless they are enjoined by this Court.

/ / /

/ / /

/ / /

### THIRD CAUSE OF ACTION

### (Dilution Against Defendant MICHAEL HO,

### and DOES 1-10, Inclusive)

### [15 *U.S.C.* §1125(c)]

49.   Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

50.   Plaintiffs' Marks are distinctive and famous within the meaning of the Lanham Act.

51.   Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' Marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' Marks. Defendants' conduct is willful, wanton and egregious.

52.   Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiffs' Marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured by Plaintiffs. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiffs' Marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs' Marks, and injure the business reputation of Plaintiffs and Plaintiffs' Marks.

53.   Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm. Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

54.   As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 *U.S.C.* §1125(c), Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 *U.S.C.* §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages,

- 13 -

1 | reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

### (Unfair Competition Against MICHAEL HO,

### and DOES 1-10, Inclusive)

### [*California Bus. & Professional Code* §17200 *et seq.*]

55.   Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

56.   Defendants' actions described herein constitute unlawful, unfair and/or fraudulent business acts or practices. Defendants' actions thus constitute "unfair competition" pursuant to *California Business & Professionals Code* §17200.

57.   As a proximate result of Defendants' actions, Plaintiffs have suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of Plaintiffs' Marks. Plaintiffs therefore have standing to assert this claim pursuant to *California Business & Professions Code* §17204.

58.   Defendants' actions have caused, and will continue to cause Plaintiffs to suffer irreparable harm unless enjoined by this Court pursuant to *California Business & Professions Code* §17203.  In addition, Plaintiffs request that the Court order that Defendants disgorge all profits wrongfully obtained as a result of Defendants' unfair competition, and order that Defendants pay restitution to Plaintiffs in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment Against Defendant MICHAEL HO,

### and DOES 1-10, Inclusive)

59.   Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of

action.

60.    By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to proven at trial.

61.    Defendants' retention of monies gained through its deceptive business practices, infringement, acts of counterfeit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs LUXOTTICA RETAIL and LUXOTTICA GROUP hereby respectfully request the following relief against Defendant MICHAEL HO, and DOES 1-10, inclusive, and each of them as follows:

1.  For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 *U.S.C.* §1114(a);

2.  For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 *U.S.C.* §1125(a);

3.  For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 *U.S.C.* §1125(c);

4.  In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' Marks pursuant to the Lanham Act, for statutory damages pursuant to 15 *U.S.C.* §1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

5.  For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

6.  For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts

- 15 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

7. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay its ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

8. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs';

9. For damages in an amount to be proven at trial for unjust enrichment;

10. For an award of exemplary or punitive damages in an amount to be determined by the Court;

11. For Plaintiffs' reasonable attorney's fees;

12. For all costs of suit; and

13. For such other and further relief as the Court may deem just and equitable.

/ / /

/ / /

/ / /

1

## DEMAND FOR JURY TRIAL

2       Plaintiffs LUXOTTICA RETAIL and LUXOTTICA GROUP, respectfully

3   demand a trial by jury in this action.

4

5   DATED:  August 2, 2012                 JOHNSON & PHAM, LLP

6

7

8                                          By: _____

9                                          Christopher D. Johnson, Esq.
                                           Christopher Q. Pham, Esq.
10                                          Marcus F. Chaney, Esq.
                                           Negin Saberi, Esq.
11                                          Attorneys for Plaintiffs
                                           LUXOTTICA RETAIL NORTH
12                                          AMERICA, INC. and LUXOTTICA
                                           GROUP, S.P.A.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

Int. Cl.: 9

Prior U.S. Cl.: 26

## United States Patent and Trademark Office

Reg. No. 1,254,409
Registered Oct. 18, 1983

### TRADEMARK
#### Principal Register

## LUXOTTICA

Luxottica, S.p.A. (Italy corporation)
32021 Agordo
Belluno, Italy

For: EYEGLASSES, SUNGLASSES, TEM-
PLATES AND EYEGLASS FRAMES, in CLASS
9 (U.S. Cl. 26).

First use 1971; in commerce 1971.

Ser. No. 361,031, filed Apr. 22, 1982.

G. T. GLYNN, Examining Attorney

# Exhibit B

Int. Cl.: 9

Prior U.S. Cl.: 26

**United States Patent and Trademark Office**

Reg. No. 1,511,615
Registered Nov. 8, 1988

## TRADEMARK
### PRINCIPAL REGISTER

# LUXOTTICA ☆☆

LUXOTTICA, S.P.A. (ITALY CORPORATION)
32021 AGORDO
BELLUNO, ITALY

FOR: EYEGLASSES, SUNGLASSES, TEM-
PLES AND EYEGLASS FRAMES, IN CLASS 9
(U.S. CL. 26).

FIRST USE 0-0-1975; IN COMMERCE
0-0-1975.
OWNER OF U.S. REG. NOS. 1,231,763 AND
1,254,409.

SER. NO. 712,067, FILED 2-19-1988.

RUSS HERMAN, EXAMINING ATTORNEY

**Exhibit C**

# United States of America

## United States Patent and Trademark Office

# LUXOTTICA

**Reg. No. 4,137,447**

**Registered May 8, 2012**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

LUXOTTICA GROUP S.P.A. (ITALY JOINT STOCK COMPANY)
VIA CESARE CANTÙ, 2
I-20123 MILANO
ITALY

FOR: ADVERTISING; BUSINESS MANAGEMENT; BUSINESS ADMINISTRATION; OFFICE FUNCTIONS; RETAIL AND WHOLESALE STORE SERVICES, EXCEPT TRANSPORT, FEATURING SPECTACLES, LENSES FOR SPECTACLES, FRAMES FOR SPECTACLES, CASES AND HOLDERS FOR SPECTACLES, GOGGLES, EARSTEMS, SUPPORTS AND DISPLAYS FOR SPECTACLES, CHAINS FOR EYEGLASSES, CONTACT LENSES AND CONTACT LENSES CASES; AND ONLINE RETAIL AND WHOLESALE STORE SERVICES FEATURING SPECTACLES, LENSES FOR SPECTACLES, FRAMES FOR SPECTACLES, CASES AND HOLDERS FOR SPECTACLES, GOGGLES, EARSTEMS, SUPPORTS AND DISPLAYS FOR SPECTACLES, CHAINS FOR EYEGLASSES, CONTACT LENSES AND CONTACT LENSES CASES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

OWNER OF U.S. REG. NOS. 1,254,409, 1,511,615, AND 3,239,979.

PRIORITY DATE OF 12-1-2010 IS CLAIMED.

OWNER OF INTERNATIONAL REGISTRATION 1079199 DATED 3-4-2011, EXPIRES 3-4-2021.

THE MARK CONSISTS OF THE FANCY WORD "LUXOTTICA" REPRODUCED IN A STYLIZED CHARACTERS.

SER. NO. 79-098,052, FILED 3-4-2011.

GISELLE AGOSTO, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# Exhibit D

Int. Cl.: 9

Prior U.S. Cl.: 26

Reg. No. 650,499

**United States Patent and Trademark Office**

Registered Aug. 20, 1957

10 Year Renewal

Renewal Term Begins Aug. 20, 1997

### TRADEMARK
### PRINCIPAL REGISTER

*Ray-Ban*

BAUSCH & LOMB INCORPORATED
(NEW YORK CORPORATION)
ONE BAUSCH & LOMB PLACE
ROCHESTER, NY 14604, BY CHANGE OF
NAME FROM BAUSCH & LOMB OPTI-
CAL COMPANY (NEW YORK CORPO-
RATION) ROCHESTER, NY

OWNER OF U.S. REG. NOS. 361,875
AND 418,054.
    FOR: SUN GLASSES, SHOOTING
GLASSES, AND OPHTHALMIC LENSES,
IN CLASS 26 (INT. CL. 9).
    FIRST USE 4-0-1938; IN COMMERCE
4-0-1938.

SER. NO. 72-018,292, FILED 10-29-1956.

*In testimony whereof I have hereunto set my hand*
*and caused the seal of The Patent and Trademark*
*Office to be affixed on Sep. 9, 1997.*

# Exhibit E

Int. Cl.: 9

Prior U.S. Cl.: 26

**United States Patent Office**

Reg. No. 1,080,886

Registered Jan. 3, 1978

## TRADEMARK
### Principal Register

### RAY-BAN

Bausch & Lomb Incorporated (New York corporation)
1400 N. Goodman St.
Rochester, N.Y.  14602

   For: OPHTHALMIC PRODUCTS AND ACCES-
SORIES — NAMELY, SUNGLASSES; SHOOTING
GLASSES; EYEGLASSES; SPECTACLES; GOGGLES;
LENSES AND FRAMES FOR SUNGLASSES, SHOOT-
ING GLASSES, EYEGLASSES, SPECTACLES AND
GOGGLES; AND CASES AND OTHER PROTECTIVE

COVERS FOR SUNGLASSES, SHOOTING GLASSES,
EYEGLASSES, SPECTACLES AND GOGGLES—in
CLASS 9 (U.S. CL. 26).
   First use on or about Apr. 6, 1937; in commerce on or
about Apr. 6, 1937.
   Owner of Reg. Nos. 361,875, 418,054 and 650,499.

   Ser. No. 125,945, filed May 9, 1977.

G. DOUGLAS HOHEIN, Examiner

**Exhibit F**

Int. Cl.: 9

Prior U.S. Cl.: 26

**United States Patent and Trademark Office**

Reg. No. 1,093,658

Registered June 20, 1978

## TRADEMARK
Principal Register



Ray-Ban

Bausch & Lomb Incorporated (New York corporation)
1400 N. Goodman St.
Rochester, N.Y.  14602

For: OPHTHALMIC PRODUCTS AND ACCESSO-
RIES—NAMELY, S U N G L A S S E S; SHOOTING
GLASSES; EYEGLASSES; SPECTACLES; GOGGLES;
LENSES AND FRAMES FOR SUNGLASSES, SHOOT-
ING GLASSES, EYEGLASSES, SPECTACLES AND
GOGGLES; AND CASES AND OTHER PROTECTIVE
COVERS FOR SUNGLASSES, SHOOTING GLASSES,
EYEGLASSES, SPECTACLES AND GOGGLES—in
CLASS 9 (U.S. CL. 26).
   First use on or about Apr. 6, 1937; in commerce on or
about Apr. 6, 1937.
   Owner of Reg. Nos. 361,875, 418,054, and 650,499.

   Ser. No. 125,695, filed May 9, 1977.

# Exhibit G

Int. Cl.: 9

Prior U.S. Cl.: 26

## United States Patent and Trademark Office

Reg. No. 1,320,460
Registered Feb. 19, 1985

## TRADEMARK
### Principal Register



Bausch & Lomb Incorporated (New York corporation)
1400 N. Goodman St.
Rochester, N.Y. 14692

For: SUNGLASSES AND CARRYING CASES THEREFOR, in CLASS 9 (U.S. Cl. 26).
  First use Jun. 1971; in commerce Jun. 1971.
  Owner of U.S. Reg. Nos. 361,875, 418,054, 650,499, 1,080,886 and 1,093,658.

Ser. No. 468,836, filed Mar. 5, 1984.

JAMES H. JOHNSON, Examining Attorney

# Exhibit H

Int. Cls.: 5, 6, 8, 9, 11, 16, 18, 21, 25 and 28

Prior U.S. Cls.: 2, 3, 13, 18, 21, 22, 23, 25, 26,
    29, 37 and 39

**United States Patent and Trademark Office**

Reg. No. 1,726,955

Registered Oct. 27, 1992

## TRADEMARK
### PRINCIPAL REGISTER



BAUSCH & LOMB INCORPORATED (NEW
  YORK CORPORATION)
ONE LINCOLN FIRST SQUARE
ROCHESTER, NY 14604

FOR: MEDICATED LIP BALM, IN CLASS 5
(U.S. CL. 18).
  FIRST USE 1-0-1991; IN COMMERCE
1-0-1991.
  FOR: METAL KEY CHAINS, IN CLASS 6
(U.S. CLS. 13 AND 25).
  FIRST USE 1-0-1991; IN COMMERCE
1-0-1991.
  FOR: HAND HELD TOOLS; NAMELY,
SCREWDRIVERS, IN CLASS 8 (U.S. CL. 23).
  FIRST USE 1-0-1991; IN COMMERCE
1-0-1991.
  FOR: OPHTHALMIC PRODUCTS AND AC-
CESSORIES; NAMELY, CORDS FOR USE ON
SUNGLASSES, SHOOTING GLASSES, EYE-
GLASSES, SPECTACLES AND GOGGLES, IN
CLASS 9 (U.S. CL. 26).
  FIRST USE 1-0-1991; IN COMMERCE
1-0-1991.
  FOR: FLASHLIGHTS, IN CLASS 11 (U.S. CL.
21).
  FIRST USE 1-0-1991; IN COMMERCE
1-0-1991.
  FOR: COIN HOLDERS , IN CLASS 16 (U.S.
CL. 37).

FIRST USE 1-0-1991; IN COMMERCE
1-0-1991.
  FOR: UMBRELLAS AND BAGS; NAMELY,
TOTE, DUFFLE AND ALL PURPOSE SPORTS
BAGS, IN CLASS 18 (U.S. CL. 3).
  FIRST USE 1-0-1991; IN COMMERCE
1-0-1991.
  FOR: ALL PURPOSE PORTABLE HOUSE-
HOLD CONTAINERS AND FOR CLOTHS FOR
CLEANING OPTHALMIC PRODUCTS, IN
CLASS 21 (U.S. CLS. 2 AND 29).
  FIRST USE 1-0-1991; IN COMMERCE
1-0-1991.
  FOR: CLOTHING AND HEADGEAR;
NAMELY, HATS AND SWEATBANDS, IN
CLASS 25 (U.S. CL. 39).
  FIRST USE 1-0-1991; IN COMMERCE
1-0-1991.
  FOR: SPORTS BALLS, IN CLASS 28 (U.S. CL.
22).
  FIRST USE 1-0-1991; IN COMMERCE
1-0-1991.
  OWNER OF U.S. REG. NOS. 361,875, 1,517,253
AND OTHERS.
  SER. NO. 74-173,643, FILED 6-6-1991.

LAURA SMITH, EXAMINING ATTORNEY

# Exhibit I

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

United States Patent and Trademark Office

Reg. No. 3,522,603

Registered Oct. 21, 2008

## TRADEMARK
### PRINCIPAL REGISTER



LUXOTTICA S.R.L. (ITALY LIMITED LIABILITY COMPANY)

VIA VALCOZZENA, 10

32021 AGORDO (BL), ITALY

FOR: SUNGLASSES, EYEGLASSES, LENSES FOR EYEGLASSES, EYEGLASSES FRAMES, CASES FOR EYEGLASSES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-27-1999; IN COMMERCE 6-27-1999.

PRIORITY CLAIMED UNDER SEC. 44(D) ON ITALY APPLICATION NO. BO2006C00012, FILED 1-31-2006.

OWNER OF U.S. REG. NOS. 361,875, 1,093,658, AND OTHERS.

THE COLOR(S) RED AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE WORDS "RAY-BAN" IN STYLIZED WHITE LETTERING ON A RED BACKGROUND RECTANGLE.

SN 78-843,120, FILED 3-22-2006.

NORA BUCHANAN WILL, EXAMINING ATTORNEY

# Exhibit J

| My Account | Send Money | Request Money | Merchant Services | Products & Services |
|---|---|---|---|---|

| Overview | Add Funds | Withdraw | **History** | Statements | Resolution Center | Profile |

## Transaction Details

**Express Checkout Payment Sent (Unique Transaction ID #1F126906WF282841G)**

### Original Transaction

| Date | Type | Status | Details | Amount |
|---|---|---|---|---|
| Feb 7, 2012 | Payment To michael ho | Completed | ... | -$81.00 USD |

### Related Transaction

| Date | Type | Status | Details | Amount |
|---|---|---|---|---|
| Feb 7, 2012 | Add Funds from a Bank Account | Completed | Details | $81.00 USD |

**Shopping Cart Contents**

| Qty | Item | Options | Price |
|---|---|---|---|
| 1 | BRAND NEW RAYBAN 3025 aviator Large Item # 330679034805 | | $81.00 USD |
| | | Amount | $81.00 USD |

**Item Total:** $81.00 USD
**Sales Tax:**
**Shipping:** $0.00 USD
**Seller discount or charges:** $0.00 USD

**Total amount:** -$81.00 USD
**Fee amount:** $0.00 USD
**Net amount:** -$81.00 USD
**Date:** Feb 7, 2012
**Time:** 09:33:43 PST
**Status:** Completed

**Insurance:** $0.00 USD

**Shipping Address:** Annie Garib
23679 Calabasas Rd
Apt 758
Calabasas, CA 91302-1502
United States
Confirmed ?

**Payment To:** michael ho   (The recipient of this payment is Verified)
**Seller's ID:** trendyeyewear
**Seller's Email:** michaelbho@gmail.com

**Funding Type:** Instant Transfer
**Funding Source:** $81.00 USD - Chase Checking (Confirmed) x-2785
**Back Up Funding Source:** Visa Card XXXX-XXXX-XXXX-9066

**Tracking Number:** 9101150134711178973322 ?
**Carrier:** USPS
**Order Status:** Shipped (Feb 7, 2012)

Need help? If you have problems with an eBay transaction or want help settling a dispute with an eBay seller, go to the eBay Resolution Center. PayPal and eBay strongly recommend that you attempt to resolve issues directly with the seller whenever possible.

**Description:** Shopping Cart

[ Return to My Account ]

Copyright © 1999-2012 PayPal. All rights reserved.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 6689 DSF (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY



JOHNSON & PHAM, LLP
Christopher Q. Pham, SBN: 206697
E-mail: cpham@johnsonpham.com
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, California 91367
Tel: (818) 888-7540  Fax: (818) 888-7544

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXOTTICA RETAIL NORTH AMERICA, INC., an Ohio Corporation, and LUXOTTICA GROUP, S.P.A., an Italian Joint Stock Company,<br><br>PLAINTIFF(S)<br><br>v.<br><br>MICHAEL HO, an Individual, and DOES 1-10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-6689-DSF(AGRx)<br><br><br>SUMMONS |

TO:    DEFENDANT(S): MICHAEL HO, an Individual

        A lawsuit has been filed against you.

        Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Christopher Q. Pham, Esq._____, whose address is _6355 Topanga Canyon Blvd., Suite 326, Woodland Hills , California 91367_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                                          Clerk, U.S. District Court

Dated: AUG -3 2012                                By: _____
                                                          MARILYN DAVIS
                                                             Deputy Clerk

                                                          (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| LUXOTTICA RETAIL NORTH AMERICA, INC., an Ohio Corporation, and LUXOTTICA GROUP, S.P.A., an Italian Joint Stock Company, | MICHAEL HO, an Individual, and DOES 1-10, Inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JOHNSON & PHAM, LLP<br>6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367<br>Tel.: (818) 888-7540  Fax: (818) 888-7544 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement (15 U.S.C. section 1114 / Lanham Act section 32(a))

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV12-6689

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ohio, Italy | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Santa Clara County, CA |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, CA | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date August 2, 2012

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |